In re Estate of Mathilde Duthil Koester, Deceased.
Henry L. Perkins, Appellant, v. Charles Edward Koester, Appellee.

Gen. No. 38,608.

Opinion filed June 22, 1936.   Rehearing denied July 6, 1936.

HARMON & GEORGE, of Chicago, for appellant; CALVIN M. GEORGE and ROY M. HARMON, both of Chicago, of counsel.

BURRY, JOHNSTONE, PETERS & DIXON, of Chicago, for appellee; JOHN W. KEARNS and JOHN C. TRUSSELL, both of Chicago, of counsel.

MR. JUSTICE HEBEL delivered the opinion of the court.

This is an appeal by the petitioner, Henry L. Perkins, a brother and residuary legatee under the last will and testament of Mathilde Duthil Koester, deceased, from an order entered on June 24, 1935, in the circuit court of Cook county, wherein the court decrees that the citation to recover securities for the estate

from the respondent is dismissed and the respondent is discharged; that by virtue of the instrument in writing pertaining to said safe deposit box and its contents respondent was the sole legal owner of all the securities and assets contained in said box at the time of the death of his wife, Mathilde Duthil Koester; and that the decree of the probate court dated December 20, 1934, is hereby affirmed in all other respects.

The matter was heard in the circuit court of Cook county, upon a trial *de novo* on the appeal of Henry L. Perkins from the decree of the probate court dated December 20, 1934, whereby the court dismissed a citation to discover assets issued against Charles Edward Koester, respondent.

The basis of the action is a joint tenancy agreement entered into between the parties, which is as follows:

### "Joint Tenancy Agreement.

" (Do not execute this agreement unless lessees are joint owners of the contents of safe and desire survivor to become sole owner thereof in case of the death of one of them.)

"It is agreed between the undersigned, lessees of Safe No. 708 located in the premises of Standard Safe Deposit Company that all property at any time heretofore now or hereafter placed or contained in said safe or in any safe for which said safe may be exchanged now does and shall, so long as it is contained therein, belong to the lessees jointly as joint tenants with right of survivorship therein, and may be withdrawn and removed therefrom, in whole or in part, by all, or any one or more of the lessees; and upon the death of any one or more of the lessees, and upon every such death the title to all property then contained in said safe or the safe for which it is exchanged shall be in the survivors jointly, with the right of survivorship therein or in the sole survivor if there be but one, and

such survivors or survivor, and any one or more of them subject to the restrictions contained in the laws of the State of Illinois, with reference to inheritance tax, shall have the right to remove from said safe or the safe for which it is exchanged all or any part of the property contained therein.

"The lessees further agree on behalf of themselves, their respective heirs, administrators, executors and assigns, that Standard Safe Deposit Company, under no circumstances whatsoever, shall be liable on account of the removal by any one or more of the lessees of all or any part of the contents of said safe or the safe for which it is exchanged which are now or at any time hereafter may be contained therein, either before or after the death of one or more of the lessees.

"In Witness Whereof, the undersigned have hereunto set their hands and seals the ...... day of ......, 19...

"Signature Mrs. Mathilde Duthil Koester (Seal)
Signature C. E. Koester                    (Seal)"

The facts have been stipulated to by the parties, from which it appears that on or prior to December 21, 1931, Charles Edward Koester and Mathilde Duthil Koester were husband and wife and residents of Chicago, Illinois, and on or about that date a written contract was entered into (hereinabove set forth in this opinion), which is the subject of this litigation; that on or about November 25, 1933, Mathilde Duthil Koester executed her last will and testament, and that she died in Chicago, on June 21, 1934; that on July 5, 1934, this will was filed for probate, and on August 7, 1934, the respondent caused the safe deposit box mentioned in the written agreement to be opened, and removed the contents thereof, which are fully described in the respondent's answer filed to the citation proceedings.

It also appears from the stipulation of facts that from time to time during decedent's lifetime the securi-

ties were purchased and from time to time prior to her death placed in the box; that of these securities items aggregating approximately $93,000 in face value were purchased by decedent with her individual funds and items aggregating approximately $5,000 by Charles Edward Koester with his own funds; that during the lifetime of decedent securities which were in the box were removed either by the decedent or Charles Edward Koester, or by the two of them, and other securities placed therein either by said decedent or by Charles Edward Koester or both of them at the same time; that the parties opened a joint bank account in the Main State Bank, and some of the securities purchased were paid for by checks drawn upon the joint account.

The question involved in this litigation is the right of survivorship, which it is claimed by the petitioner is invalid, on the ground that the Act of 1919, ch. 76, Ill. State Bar Stats. 1935, ¶ 2, constitutes a complete revision and restatement of the law of joint rights and obligations, and survivorship, and section 2 of the act abolishes the right or incident of survivorship as between joint tenants or owners of personal property except (1) in the case of executors and trustees, and (2) in cases where by will or other instrument in writing expressing an intention to create a joint tenancy in personal property with the right of survivorship.

The respondent replies to this contention by stating that the Act of 1919 clearly sustains the agreement in the present case, so it is unimportant whether or not the act constituted a complete revision of the law on joint tenancies, although a careful scrutiny of the act would indicate that it is only a partial revision of prior acts and that the present contract is valid as a contract without reference to any statute.

Section 2 of the act above mentioned is controlling and provides in part as follows:

"Except as to executors and trustees, and except also where by will or other instrument in writing expressing an intention to create a joint tenancy in personal property with the right of survivorship, the right or incident of survivorship as between joint tenants or owners of personal property is hereby abolished, and all such joint tenancies or ownerships shall, to all intents and purposes, be deemed tenancies in common."

Upon this appeal the problem before this court is: Did the written agreement in question convey title to the respondent and his wife Mathilde in her lifetime to the securities in the box before her death? As a general rule, under the terms of a contract, possession of personal property is evidence of ownership. The property in question was in the joint possession of the respondent and his wife, and remained in their possession until her death, and being in the possession of the survivor, her husband, we are controlled to some extent by the written agreement, which provides:

". . . that all property at any time heretofore now or hereafter placed or contained in said safe or in any safe for which said safe may be exchanged now does and shall, so long as it is contained therein, belong to the lessees jointly as joint tenants with right of survivorship therein."

Counsel for petitioner concedes that a bill of sale from an owner of the securities here involved to the decedent and the respondent as joint tenants with right of survivorship would be "an instrument in writing" like a will, and when operative would convey title and be legally capable of creating a joint tenancy. Adopting the suggestion of counsel as stated, it would follow that if the respondent and his wife were the separate owners of the securities, they, of course, would be capable of entering into a joint tenancy agreement, whereby the title owned by the makers of the instrument would be conveyed to themselves jointly with the

right of survivorship upon the death of one of the comakers.

In construing this instrument we find that by the acts of the parties themselves they have construed the meaning of the words used, and it is evident from the conduct of each of them that they treated the securities in the safety deposit box as being jointly owned by them, and this is clear from the stipulation of fact that in the lifetime of the decedent both the parties removed securities by joint action, as well as separately, and further deposited their securities in the box in like manner.

We quite agree with counsel that the only case passed upon by courts of appellate jurisdiction in this State concerning the question here involved is that of *Bowes v. Ulm,* 279 Ill. App. 618 (Abst.), wherein the court, in passing upon an agreement somewhat similar in its terms of joint tenancy to the one before us, said:

"The agreement is a clear, unambiguous statement of the contract between the parties and in the absence of any evidence tending to show duress or fraud it is conclusive as to their relations to the property. The instant contention of the respondent is sustained by *Illinois Tr. & Sav. Bank v. Van Vlack,* 310 Ill. 185, and *Reder v. Reder,* 312 Ill. 209. (See also *Graham v. Barnes,* 259 Mass. 534; *In re Peterson's Estate,* 239 Mich. 452.)"

While the precise question involved in this litigation was not considered by this court in the *Bowes* case, still from the language used in the contract in the instant case we are of the opinion that the contract was a clear statement of the agreement between the parties, and therefore within the terms of the act.

The petitioner contends that the contract here is not clear and that it does not come within the meaning of the words employed in sec. 2 of the act now under consideration.

In the case of *Illinois Trust & Savings Bank v. Van Vlack,* 310 Ill. 185, cited by this court in support of its finding that the contract in the *Bowes* case was a clear, unambiguous statement of the contract between the parties and conclusive of their relations in regard to this property, this significant language was used regarding the section of the statute relied upon in this litigation: "This statute expressly reserves the right of survivorship in personal property jointly owned, where by will or other instrument in writing an intention is expressed to create a joint tenancy in such property with the right of survivorship, and it provides particularly for the right of survivorship when a deposit in a bank shall be made. . . . . ."

It is evident that the parties have treated the securities in the safety deposit box as the joint property of the signer to the contract with the right of survivorship on the death of either one of the parties, and from the facts as we have stated them, the parties themselves treated the contents of the safety deposit box as joint ownership, and for the reasons indicated in this opinion, we are satisfied that the contract in question was a joint agreement with right of survivorship and the respondent was entitled to the securities contained in the box at the time of the death of his wife, Mathilde Duthil Koester. The order of the circuit court is accordingly affirmed.

*Order affirmed.*

HALL, P. J., and DENIS E. SULLIVAN, J., concur.