In the Matter of the Estate of Domenick Deskovic, Deceased.
Domenico Zez and Matthew Zec, Appellees, v. Stanley Bandera and Maria Bandera, Appellants.

Gen. No. 47,477.

First District, First Division.
March 23, 1959.
Released for publication May 13, 1959.

John P. Coghlan and John E. Toomey, of Chicago, for appellants.

Samuel Shamberg, of Chicago, for appellee.

JUSTICE DEMPSEY delivered the opinion of the court.

A citation proceeding was filed in the Probate Court against Stanley Bandera and his wife, Maria, to recover the funds of a bank account which they claimed as survivors under a joint tenancy agreement with Stanley's uncle, the deceased, Domenick Deskovic.

The Probate Court, and the Circuit Court on appeal, found that the money was the sole property of Deskovic and ordered the respondents to deliver it to his estate.

Deskovic had $12,895.35 on deposit in the South Chicago Savings Bank; on March 15, 1956 he transferred it to a new account at the same bank in his name and the Banderas'. All subsequent deposits were his. The agreement of the same date, signed by the Banderas and to which Deskovic affixed his fingerprints, was in part as follows:

"All money now or hereafter deposited in this account, and interest, shall be credited in our names; and subject to the by-laws, rules and regulations of the bank, may be paid from time to time to us or any of us, whether the others be living or not.

"All such moneys and interest shall belong to us in joint tenancy, with the right of survivorship."

■ This written instrument complied with secs. 2 and 2(a) of the Joint Rights and Obligations Act (ch. 76, Ill. Rev. Stat. 1955) and created a joint tenancy in the bank account with the right of survivorship. Doubler v. Doubler, 412 Ill. 597; In re Estate of Wilson, 404 Ill. 207.

■ There is less controversy about the sufficiency of this document than there is over its execution. The statute provides that the instrument is to be signed by all persons at the time the account is opened or thereafter. Deskovic, 74 years of age, was ill in a hospital and was unable to sign his name; he impressed the fingers of his right hand on the agreement in lieu of his signature. If a person cannot write, or is unable to sign his name because of physical incapacity, he may make a mark which substitutes for his signature. Fingerprints, which are of greater authenticity, should be accorded no less weight. In re Romaniw's Will, 296 N. Y. S. 925.

■ Joseph Dolac, an attorney whom Deskovic had summoned to the hospital March 14th, directed the imprinting. After learning that the deceased wanted to create a joint tenancy with the Banderas and that his sickness would prevent his signing, Dolac went

211

to the bank; there he ascertained that fingerprints would be acceptable. He returned to the hospital on the 15th with the contract and had the fingerprints placed on it. The Banderas signed later that day at the bank. Although no objection was made to Dolac's testimony, the petitioners complain on appeal that it was incompetent because of the attorney-client privilege. Dolac's participation in the preparation and signing of the agreement was ministerial. No confidential communication or advice was involved. The Banderas, officers of the bank and some others knew of the transaction. The attorney was competent to testify to the circumstances surrounding the execution. Dickerson v. Dickerson, 322 Ill. 492.

The proof of this agreement made out a prima facie case for the respondents. In re Estate of Schneider, 6 Ill.2d 180; Scanlon v. Scanlon, 6 Ill.2d 224. In rebuttal the petitioners point to Deskovic's age and illness; they imply he neither read nor understood the agreement, that he relied upon the Banderas and his confidence was abused. Conversely, it is suggested that he knowingly and purposely had this account opened for his own convenience; that he ordered a lawyer to do this for him because the Banderas, who were recent immigrants, did not speak English and were uninformed about bank procedures.

Frank Bandera, a brother of Stanley, testified that his uncle lived with him for thirteen months and that they had a joint account at the South Chicago bank during that time. In September 1955 the uncle went to live with another nephew, Matthew Zec, one of the petitioners, and thereupon opened a joint account with Zec at the same bank. From this testimony, standing alone, it could be inferred that it was Deskovic's practice, for his own convenience in paying bills and making deposits, to place his money in the names of those with whom he might be living. The correlative inference would be that he transferred his funds to

the respondents for the same purpose because he made his home with them from January 1956 until his death in August of that year. This inference would be more persuasive were it not that Frank Bandera also testified that he heard his uncle tell Stanley at the hospital that "he was putting this account in joint tenancy so that he would have the money." Frank protested, saying: "Uncle Domenick, you never did anything right in your life, . . . at least you could have mentioned to me and my wife that you were going to make a joint tenancy with my brother Stanley and his wife." His uncle replied: "Well, if I want to give my money away that is my business."

Deskovic made similar statements to Attorney Dolac. After he said he wanted to create a joint tenancy with the Banderas, Dolac asked him: "Do you mean that you want them to pay your bills out of this?" He answered: "No, I want to make a joint tenancy so the money will be theirs as well as mine," and, "I want to give them this money." Dolac persisted: "Are you giving the money? The minute you make this joint tenancy—is that what you want?" The reply was: "That's it."

These declarations of the deceased were direct and unequivocal. They completely overcome whatever inferences might be drawn from the previous accounts or from circumstantial evidence. There is nothing to show that Deskovic was not mentally alert or that any advantage was taken of him. He was familiar with joint tenancies and knew what he was doing.

The testimony of the Banderas, given as Court's witnesses in a citation hearing, corroborates the testimony of Attorney Dolac and Frank Bandera.

The witnesses testified only in the Probate Court. In the Circuit Court a stipulation, which was incorporated in an order of the court, provided:

". . . the transcript of testimony heard . . . in the Probate Court . . . containing the testimony of . . . ,

213

Stanley Bandera, Frank Bandera and Maria Bandera, . . . and Joseph A. Dolac, . . . is complete, accurate and be filed [sic] herein and considered by the Court as credible testimony as though each of said witnesses appeared in person and testified as appears in said report of proceedings; that objections to rulings as to the admissibility of testimony as contained in said report of proceedings be waived . . . the above be considered as all the evidence herein and that proofs are hereby declared closed. . . ."

■■ Inasmuch as objections to the admissibility of the evidence were withdrawn, the only question involved is the interpretation of the evidence. Upon an appeal from the Probate Court, a trial de novo is had in the Circuit Court. (Ill. Rev. Stat. 1957, ch. 3, para. 487.) The Circuit Court becomes the trial court and the rulings and finding of the Probate Court are not considered. Barnes v. Earle, 275 Ill. 381; Noel v. Noel, 228 Ill. App. 569. The Circuit Court had no opportunity to observe the demeanor or to evaluate the credibility of the witnesses. Its decision was based on a transcript. We are in the identical position. For this reason we are not limited by the rule that the trial court's findings of fact should not be changed unless they are against the manifest weight of the evidence. I. L. P., vol. 2, secs. 786–787; Baker v. Rockabrand, 118 Ill. 365; Koepke v. Schumacher, 406 Ill. 93.

■ We disagree with the conclusion reached by the trial court. In our opinion the appellants established the deceased's donative intent by clear and convincing evidence. They met the burden the law placed upon them. In re Estate of Schneider, supra; Bolton v. Bolton, 306 Ill. 473; In Matter of Estate of Ida Sneider, 12 Ill.App.2d 485. The judgment is reversed.

Judgment reversed.

McCORMICK, P. J. and SCHWARTZ, J., concur.