In re Estate of Stanley Aksenas, Deceased—(Jonas Aksenavicius, Adm'r., Petitioner-Appellee, v. Paul J. Pazell, Respondent-Appellant.)

(No. 57574;

First District (4th Division)—September 26, 1973.

Stinespring & Stinespring, of Chicago, for appellant.

Nat M. Kahn and Paul M. Smith, Jr., both of Chicago, for appellee.

Mr. JUSTICE ADESKO delivered the opinion of the court:

Stanley Aksenas died March 30, 1971, leaving his father Jonas Aksenavicius, his only heir at law and next of kin, who became the administrator of the estate. On May 14, 1971, the administrator filed a petition to discover assets alleging that the Union Federal Savings and Loan has savings of the decedent in the amount of $18,389.18, which

the respondent Paul J. Pazell, not related to the decedent, whose name was added as a joint tenant on November 13, 1970, claims to be the owner. The administrator claims that respondent's name was added to a joint tenancy savings account "for convenience purposes."

Respondent, Paul J. Pazell, testified that the purpose of adding his name to the passbook was that in the event that Stanley Aksenas should pass away, the respondent would see to it that the decedent's father is paid $150 per month during his lifetime for his needs. The passbook was never delivered to respondent who did not contribute any monies for deposit to said account. This citation to discover assets was dismissed and leave given to petitioner to file an amended citation.

On October 15, 1971, an amended citation to recover property was filed. It alleged *inter alia* that on November 13, 1970, decedent and the respondent went to the Savings and Loan Association, talked to an employee who was informed that the decedent desired to provide for his father, if anything happened to him. The employee advised the decedent to see the Association's attorney who would provide the proper documents. The attorney was not available but the name of the respondent was added to the passbook. The book was kept by the decedent until his death.

On March 14, 1972, the Circuit Court ruled that the funds in the Savings and Loan Association belong to the Estate of Stanley Aksenas and directed the Union Federal Savings and Loan Association to pay the monies in said account to the administrator of said estate.

On appeal the respondent, Paul J. Pazell, raises the following issues:

    1. Petitioner failed to overcome the presumption of a gift of joint tenancy funds by clear and convincing evidence;

    2. The trial court erred in not holding that the intention of decedent was to create a joint tenancy account, with the understanding of rights and obligations thereunder and the decedent's intention to make a gift of the joint tenancy fund; and

    3. The trial court erred in not holding that a constructive trust was created with the father of the decedent as a life tenant income beneficiary and the respondent as the remainderman.

As to the first issue, the petitioner concedes that the savings account in question was a joint survivorship account. In his second issue the petitioner maintains that it was the decedent's intention, in creating a joint tenancy account with respondent, was to give respondent a gift of the joint tenancy fund. Respondent compares the case at bar with *In re Estate of Hayes*, 131 Ill.App.2d 563, 268 N.E.2d 501 (1971). In the *Hayes* case, there is uncontradicted evidence of the decedent's statement that—"Everything I have belongs to you." In the case at bar, the re-

spondent himself testified that the joint account was opened under a convenience arrangement whereby the respondent would withdraw funds while he was alive if he needed them and after his death the remaining funds were to be used solely for the benefit of the decedent's father.

*In re Estate of Copp*, 132 Ill.App.2d 974, 271 N.E.2d 1 (1971), mentioned in respondent's brief, he neglects to say that disinterested witnesses testified that the deceased said: " * * * and I want you to have what's in the bank."

Respondent also cited and discussed *In re Estate of Deskovic*, 21 Ill. App.2d 209, 157 N.E.2d 769 (1969). In addition to the usual presumption of donative intent arising from the statutory form of the signature card the contract was enhanced by the undisputed evidence of "direct and unequivocal" statements of the sole contributing depositor that "I want to give them this money."

We find no evidence in the record to support the contention of the respondent that the decedent planned for respondent to receive all the funds at his death.

As to the third issue raised by respondent, the attempted proof of the express oral trust for the father was vague, indefinite and uncertain as to the duration of the trust, the amount to be paid to the father from the funds in the account, the exact method of the payment, and the disposition of the funds if the father would die before the funds would be expended.

The decision of the Circuit Court of Cook County is affirmed.

Judgment affirmed.

BURMAN, P. J., and DIERINGER, J., concur.