John S. Vaughan, as Administrator of the Estate of Helen Locklin, Deceased, Appellant, v. Millikin National Bank and Maria Mathews Clark, Appellees.

Gen. No. 8,479.

302

Opinion filed April 14, 1931.

W. G. CLOYD and CARL S. REED, for appellant.

VAIL, ALLEN, MILLS & ARMSTRONG, for certain appellee.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

The appellant, John S. Vaughan, as administrator of the estate of Helen Locklin, who died intestate in January, 1928, filed a petition in the county court of Piatt county, representing that at the time of the death of Helen Locklin, she had on deposit about $5,000 in a savings account in the Millikin National Bank; and that the bank refused to turn over the deposit to the appellant or administrator; that the deposit was claimed by Maria Mathews Clark, a niece of the de-

ceased. The prayer of the petition is that the court fix the time for hearing on the matters alleged in the petition; and make an order in the premises as shall be just, fitting and proper. Upon the hearing of the petition, the county court found that the deposit referred to was a part of the assets of the estate of Helen Locklin, deceased; and that the appellant was entitled to have the same paid over to him as administrator, to be administered upon and distributed as a part of the estate of Helen Locklin, deceased. An appeal was prayed by Maria Mathews Clark, and allowed, to the circuit court. Thereupon a hearing was had in the circuit court; and the court found that the estate of Helen Locklin, deceased, had no claim upon the deposit in the bank mentioned; and rendered judgment in bar of the appellant's claim as administrator; and dismissed the petition. This appeal is prosecuted from the judgment.

There is no dispute about the facts. And it clearly appears that the deceased Helen Locklin, on Sept. 5, 1919, opened a deposit account in the appellee bank in the name of herself and her niece Maria Mathews Clark, and that the bank issued a pass book to her and Maria Mathews Clark jointly. The deceased at that time had $5,000 to her credit in her personal account in the bank which was transferred to the joint account; and after the joint account had been opened, the deceased made several deposits in the joint account up to the time of her death, and the interest accruing on the funds in the account was regularly credited by the bank. The pass book issued by the bank had stamped upon it The Millikin National Bank (Founded A. D. 1860) Decatur, Illinois, Savings Department, office hours, 9 a. m. to 3 p. m. (Joint owners payable to either or the survivor) Miss Helen Locklin or Mrs. Maria Mathews Clark. (Take care of this book—it must be presented when money is deposited·or withdrawn. If lost or stolen, notify the bank at once.)

The book shows the original deposit in the joint account to be $5,237.57, and the deposits in each year thereafter. At the time the account was opened by the deceased, the bank issued what was called a joint tenancy card; and on this card were stamped the words "Joint owners payable to either or the survivor"; and beneath was the following printed agreement on the card: "We hereby agree that any and all deposits, and any interest or dividend thereon in the above joint account may be paid to any or either of us; and the receipt of indorsement of any or either of us shall be a full and complete discharge, whether the other or others be living or not." The deceased signed this card, and later produced a signature which she said was the signature of Mrs. Clark; and which she said she had clipped from a letter. This signature of the appellee, Mrs. Clark, was pasted on the card beneath the signature of the deceased. The deceased kept the pass book and the appellant as administrator found the same among her effects after her death. After the joint account had been opened, the deceased not only made further deposits in the account from time to time until her death, but during this period also withdrew money from the account from time to time; and at the time of her death there was about the sum of $5,000 on deposit. The evidence does not show whether or not the appellee Clark had any knowledge of the opening of this joint account or the transactions with reference to it after the account had been opened.

The appellant contends, for reversal of the judgment, that the right to withdraw the funds in the joint account mentioned which the appellee Clark had, did not survive to her at the death of Miss Locklin; that under the Act of the General Assembly in force and effect after June 30, 1919, Cahill's St. ch. 76, ¶ 1 *et seq.*, to revise the law in relation to joint rights and obligations, the survival of the right was dependent upon her having signed the mutual agreement on the

so-called joint tenancy card, hereinbefore set forth; and that she did not sign the same; and this is the vital question presented for review on this appeal.

The determination of that question involves a construction of section 2 of the legislative act referred to, Cahill's St. ch. 76, ¶ 2, which has reference to the right of survivorship in personal property as joint tenants or owners. It is evident that it was the intention of the legislature by the enactment of section 2 to abolish the right incident to the right of survivorship as between joint tenants and owners of personal property, "except as to executors and trustees, and except also where by will or other instrument in writing expressing an intention to create a joint tenancy in personal property with the right of survivorship." But there is a special proviso in the section, in reference to bank deposits, which is the subject matter of this suit, namely: "That when a deposit in any bank or trust company transacting business in this State has been made or shall hereafter be made in the names of two or more persons payable to them when the account is opened or thereafter, such deposit or any part thereof or any interest or dividend thereon, may be paid to any one of said persons whether the other or others be living or not"; then there is another clause added to the proviso: "And when an agreement permitting such payment is signed by all said persons at the time the account is opened or thereafter the receipt or acquittance of the person so paid shall be valid and sufficient discharge from all parties to the bank for any payments so made." It will be noted that in the body of the proviso the right of survivorship is definitely and unconditionally preserved to the joint depositors; and contains no requirement that any instrument in writing shall be signed or executed by the joint depositors for that purpose; and the clause attached as a part of the proviso refers to what shall be deemed a sufficient discharge of the bank for the payments made by it. But we are

of the opinion that under the proviso referred to, concerning joint deposits in banks, no instrument in writing expressing an intention to create joint tenancy is necessary to create such joint ownership and right of ownership in the deposits made on joint account, as stated in the proviso. But the fact that the deposit has been made by arrangement and agreement with the bank in the names of two or more persons, so as to be payable to them, or either of them in accordance with the proviso, the joint ownership of such deposit or any part thereof or any interest or dividend thereon becomes vested in the persons in whose names the deposits are made; the added clause does not in any way qualify or restrict the right of payment or the right to withdraw the deposits in the persons named in the joint account after the death of one of the joint depositors; but the writing referred to when signed by all the persons named in the account merely provides an additional safeguard to the bank by providing that when such agreement is signed by all the persons named in the joint account, the receipt or acquittance of any of the persons named in the account who are paid shall be a valid and sufficient discharge from all parties to the bank for any payments so made; that is to say, the receipt or acquittance of one shall be considered in effect the receipt of all. In this case no payment was made by the bank after the death of Helen Locklin to the surviving joint depositor and no receipt was taken by the bank; and the clause referred to never became operative.

For the reasons stated we are of the opinion that the finding of the court that the appellee Clark is entitled to the balance in the joint deposit account in the appellee bank; and entitled to withdraw the same; and that the same is not a part of the assets of the estate of the deceased, was in accordance with the law; and the judgment is therefore affirmed.

*Judgment affirmed.*