(No. 32244.—

ELIZABETH DOUBLER, Appellee, *vs.* HARRY DOUBLER *et al.,* Exrs., Appellants.

*Opinion filed September 17, 1952.*

THOMAS H. HICKS, of Warren, for appellants.

Mr. CHIEF JUSTICE CRAMPTON delivered the opinion of the court:

Elizabeth Doubler, plaintiff-appellee, widow of William Doubler, brought an action in the circuit court of Stephenson County against the executors of her husband's will to recover money deposited in the Lena State Bank purportedly in her name and that of her husband as a joint account. The bank obtained leave to intervene and deposited the fund with the clerk of the court. The circuit court held the deposit to be the property of the estate, but the Appellate Court reversed that judgment, holding that plaintiff was entitled to it. (*Doubler* v. *Doubler*, 343 Ill. App. 643, 100 N.E. 2d 761.) We have granted leave to appeal for further review of this issue.

The evidence shows that William Doubler opened an account with the bank in 1938 in his name alone. No changes were made in the form of the account until shortly before his death in May of 1943 when the assistant cashier of the bank, at Doubler's direction, wrote the name of plaintiff on the passbook immediately after the name of William Doubler, and also at Doubler's direction wrote

above both names: "Payable to either of them or the survivor with full survivorship rights." No signature card or other agreement was signed at that time or subsequently by either William Doubler or Elizabeth Doubler. The bank's ledger card was changed in substantially the same manner as the passbook, although it does not appear when or by whom this change was accomplished. After the aforesaid changes, no deposits were made in the account prior to William Doubler's entering the hospital and his subsequent death. There were three withdrawals made by Elizabeth Doubler prior to her husband's death which she made at his request to pay the hospital bills. No withdrawals were made after his death.

The decision of this case depends squarely upon a construction and application of section 2 of the act relating to joint rights and obligations (Ill. Rev. Stat. 1943, chap. 76, par. 2,) the pertinent portion of which provides as follows: "* * * provided, that when a deposit in any bank * * * has been made or shall hereafter be made in the names of two or more persons payable to them when the account is opened or thereafter, such deposit or any part thereof or any interest or dividend thereon may be paid to any one of said persons whether the other or others be living or not, and when an agreement permitting such payment is signed by all said persons at the time the account is opened or thereafter the receipt or acquittance of the person so paid shall be valid and sufficient discharge from all parties to the bank for any payments so made."

We have had occasion to consider this section in former opinions, but the precise question here presented has never been before us. *Illinois Trust and Savings Bank* v. *Van-Vlack,* 310 Ill. 185, and *In re Estate of Wilson,* 404 Ill. 207, each involved a bank deposit in the name of a decedent and another, and in each of these cases an agreement had been signed authorizing payment of the account to the survivor. We there held that the agreement constituted a con-

tract between the depositors and the bank, entitling the survivor to the account. Here, however, the deposit is made in the names of two persons but no agreement permitting payment to the survivor was ever signed. We are thus confronted with the question of whether such an agreement is essential here to authorize payment to the survivor, or whether, as held by the Appellate Court, survivorship rights became complete when the deposit was changed to the names William Doubler and Elizabeth Doubler, the agreement being merely an added safeguard for the bank. We are of the opinion that a signed agreement was necessary and that the absence of such an agreement is fatal to plaintiff's claim.

The policy of the legislature, as expressed in section 2 of the act relating to joint rights and obligations, does not favor the right of survivorship in personal property. Said section first definitely and unequivocally abolishes such rights except as to executors and trustees or where an instrument in writing expresses an intention to create survivorship rights. The writing on the passbook was not such a writing. (*In re Estate of Wilson,* 404 Ill. 207.) Therefore, if plaintiff is to prevail, she must bring herself within the terms of the above proviso, which immediately follows the prohibition of survivorship rights. Provisos in a statute, being designed to qualify or limit what is affirmed in the body of an act, should be strictly construed. (*Public Utilities Com.* v. *Early,* 285 Ill. 469.) It is also a fundamental rule of statutory construction that each word, clause, and sentence in a statute must, if possible, be given some meaning. (*People ex rel. Roan* v. *Wilson,* 405 Ill. 122.) Applying these rules of statutory construction, it is our opinion that the construction adopted by the Appellate Court does not follow the legislative intent and renders meaningless the clause providing for an agreement, for if the first clause authorizes payment to the survivor, the bank needs no added safeguard. It would be fully protected by paying

the deposit to the person legally entitled thereto. In our opinion, therefore, the proper construction of the section here involved under the facts of this case is that an agreement signed by William Doubler and Elizabeth Doubler permitting payment to the survivor was necessary to create rights of survivorship in the deposit and that the changing of the names on the account by a third party, the bank cashier, at the direction of one of the parties alone, is insufficient to satisfy the requirements of the statute.

The judgment of the Appellate Court is, therefore, reversed, and the decree of the circuit court is affirmed.

*Appellate Court reversed; circuit court affirmed.*