In the Matter of the Estate of Martin Mueth,
Deceased.
Steve Mueth, Appellant, v. Mathilda Becker,
Appellee.

Gen. No. 61–O–13.

Fourth District.
January 26, 1962.

F. E. Merrills, of Belleville, for appellant.

Alan J. Dixon, of Belleville, for appellee.

SCHEINEMAN, J.

This case involves a savings account and a certificate of deposit which purported to be in joint tenancy. The Probate Court held that the surviving joint tenant was entitled to both items and this appeal followed.

The accounts involved were originally the property of Martin Mueth. He went with his sister, Mathilda Becker, to the bank and had a joint account opened in their joint names, payable to either or the survivor. There was also a certificate of deposit in the same condition. There were subsequent deposits in the savings account by someone but no withdrawals.

Martin Mueth committed suicide and left as his surviving heirs two brothers and the sister, also the children of a deceased brother. The sister was appointed administrator of his estate and one of the surviving brothers contests her right to the money as the survivor.

■ It is a settled law in this state that a deposit agreement setting up a joint account with right of survivorship is presumptive evidence of a donative intent, and it is effective unless the donative intent is disproved by other evidence. In re Estate of Fitterer, 27 Ill App2d 264, 169 NE2d 578; In re Estate of Deskovic, 21 Ill App2d 209, 157 NE2d 769; In re Estate of Koester, 286 Ill App 113, 3 NE2d 102; In re Estate of McIlrath, 276 Ill App 408.

■ In some of the older cases there was left a little confusion as to the admissibility of parol evidence to overcome the terms of the written instrument. This doubt was removed in 1955 by the Supreme Court, which held that parol evidence is admissible to overcome the presumption. In re Estate of Schneider, 6 Ill2d 180, 127 NE2d 445. But the court expressly preserved the effect of the deposit agreement, saying (page 187): ". . . the intention so manifested, in the absence of contrary evidence, is sufficient to establish ownership in the survivor by virtue of the contract upon the death of the original owner."

The proof of the deposit agreements made a prima facie case for Mathilda Becker. We find no evidence in the abstract to overcome the prima facie case. Appellant's argument asserts that the decedent made deposits in the savings account over a period of years. If true, this is not necessarily inconsistent with donative intent, but actually the abstract contains nothing to support this assertion. It does not disclose who made the deposits, nor who owned the money.

It is also asserted, "that Mathilda Becker was not shown to have exercised control over the account or

made deposits or had possession of the passbook." This is merely stating the absence of evidence. A prima facie case is not overcome by the absence of other evidence.

In Mrs. Becker's testimony, she said of the deceased: "His mother was dead five days and he came to the house and said I should go to the bank with him, that he was going to give me a gift if something should happen." Appellant thinks this makes the gift conditional and void as testamentary.

In our opinion it is perfectly normal for a person making a joint tenancy contract with donative intent to have in mind, "if it should happen that I die first the survivor takes the entire fund, but if it should happen that she dies first it is mine." What else could happen? This is the essence of joint tenancy, and if such thoughts of the contingencies make the contract void as testamentary, then there is no such thing as a joint tenancy in a bank account in this state, and all the cases above cited are wrong. We cannot accept that idea.

The fact in this case that neither party withdrew any of the funds after the contract was made, is a further indication they both waited for something to happen, that is, the death of one of them, before the funds were withdrawn.

Appellant's brief cites both the Schneider case, supra, and Bolton v. Bolton, 306 Ill 473, 138 NE 158. They are not in point on the facts, for in both there was competent evidence that the joint account was only for the convenience of the owner, such as enabling another to pay the owner's bills, or remit funds to him.

The judgment of the Probate Court is affirmed.

Judgment affirmed.

HOFFMAN, P. J. and CULBERTSON, J., concur.