Peter A. Murgic, Plaintiff-Appellee, v. Granite City Trust & Savings Bank, a Banking Corporation, Defendant, and Illinois State Trust Company, Interpleaded-Defendant-Appellant.

Gen. No. 64–F–15.

Fifth District.

February 21, 1964.

Rehearing denied March 24, 1964.

Joseph Cohn, of East St. Louis, and Nick D. Vasileff, of Madison, for appellant.

Maurice Dailey, of Granite City, for appellee.

REYNOLDS, J.

This action was originally brought by Peter A. Murgic against the Granite City Trust & Savings Bank for the proceeds of a savings account in said bank in the name of Mike Yurkovich and Peter A. Murgic. The bank answered the complaint and filed a counter-claim for interpleader and joined the Illinois State Trust Company, as administrator of the estate of Mike Yurkovich, deceased. A jury found for Murgic and the Illinois State Trust Company appeals.

On January 29, 1959, Mike Yurkovich and Peter A. Murgic went to the Granite City Trust & Savings Bank. There they met Henry D. Karandjeff, Chairman of the Board, and a discussion was had by Karandjeff and Yurkovich about Yurkovich opening an account. Yurkovich wanted to open a joint account in his name and that of Murgic. Karandjeff explained to Yurkovich the nature of a joint account and that either Yurkovich or Murgic could draw out the money at any time and that it would go to the survivor in case of death of one of them. The banker asked if there was any kinship between the two and was told that there was none, but that they were old friends. The question of relatives was discussed and from Karandjeff's testimony Yurkovich felt that he did not want them to have his money. The original deposit was for $12,500 and both Yurkovich and Murgic signed a joint account card. Yurkovich did not read the card before signing it, but it was explained by Karandjeff. Karandjeff testified that because of the large amount of the deposit, he went into considerable detail explaining the nature of the deposit. The pass book was given to Yurkovich, who handed it to Murgic, but Murgic handed it back. There was some discussion between them about the book, but finally Yurkovich kept it. Later, without knowledge of Murgic, Yurkovich deposited the further sum of $13,500 into the account.

There is no contention that any of the money in the account was contributed by Murgic. Yurkovich made a trip back to his homeland, Croatia (Yugoslavia) in 1955. He was gone about three months and when he came back he frequently talked about his people and the conditions in the old country. There is considerable testimony that he had for years been sending money, food, leather goods and other things to his relatives in Croatia (Yugoslavia). After the deposit

of the money on January 29, 1959, and before the second deposit, Yurkovich loaned Murgic $2,000 and took his note. There is evidence that Yurkovich tried to collect this note, but it was not paid. Three days before his death, while in the hospital, Yurkovich asked a friend to get him a lawyer to draw up his will. This was done and the will made a general residuary gift to his relatives in Yugoslavia. It did not mention the joint account.

Murgic is the plaintiff and claims the money as survivor of the joint tenancy. Illinois State Trust Company is an interpleaded defendant and claims the money for the heirs of Mike Yurkovich. The Granite City Trust & Savings Bank is the holder of the money and is the original defendant, and it is ready and willing to pay to the party the courts decide is entitled to it. The appeal here is by the Illinois State Trust Company.

There is very little factual dispute in this cause. There may be some dispute as to the feeling of Yurkovich toward his relatives in Croatia, at the time of the original deposit and up to the time of the making of the will.

Murgic contends that under the joint tenancy law, all that is necessary to prove his right to the money is to show the deposit, execution of the instrument, death of one and the survivorship of the other. That then the burden is upon the administrator bank to show the decedent's intent not to make a joint account gift. The administrator bank contends that the opening of the joint account raises a presumption of a gift, but this presumption may be overcome by competent testimony to contradict the presumption of a gift. And that when a gift is claimed, it must be proven by clear and convincing evidence.

There are a number of recent cases on matters such as are presented by this case and most of them are

337

cited by both appellee and appellant in support of their contentions. While every case has its own particular set of facts, in general they all deal with joint accounts with banks and the disposition of the money after the death of one of the joint account holders.

In re Estate of Schneider, 6 Ill2d 180, 127 NE2d 445, was a case where Schneider deposited in joint tenancy with right of survivorship to him and one Ralston, and not as tenants in common, the sum of $5850.81. After Schneider's death, his executor claimed the money. Ralston admitted the money was all Schneider's, that he contributed nothing to the account, and that Schneider told him that he wanted his name on the accounts so that any time he (Schneider) was sick, Ralston could go and get the money. That Schneider at no time told Ralston that he wanted Ralston to have any of the money in the account. There as here, the survivor claimed the money under the deposit instrument, claiming the deposit card was a contract which established his right to the money and that parol testimony was inadmissible to vary the terms of the agreement. The court held that evidence bearing on donative intent is admissible, holding that the general rule in Illinois is that the facts and circumstances, and the happenings pertaining to such transaction thereafter, may be inquired into for the purpose of aiding the court in ascertaining the intention of the parties. The court in that case held that the money belonged to the estate of Schneider and not to Ralston. Commenting on the deposit card agreement, the court said that the form of the agreement is not conclusive as to the intention of the depositors between themselves. Apparently, the Supreme Court seems to have repudiated the contract theory formerly held in joint bank account cases and held that the proceeds pass to the survivor only if the depositor opened the account with a donative intent. The de-

posit agreement is presumptive evidence of a donative intent which may be rebutted by oral evidence.

The case of Frey v. Wubbena, 26 Ill2d 62, 185 NE2d 850, holds that legal title may be vested in the holders with right of survivorship by force of the statute (section 4-10 of the Illinois Savings and Loan Act), without regard to common law principles applicable to joint tenancy, but it qualified this holding by citing the Schneider case which held that a court of equity may look behind the form of the transaction and determine questions of real and beneficial interest, i. e., whether there had been a gift. The Frey case was a joint tenancy holding between father and daughters. There was meager testimony to rebut the donative intent and the court held that in the absence of sufficient evidence to rebut the donative intent, the deposit agreement is sufficient to establish ownership in the survivor.

In re Estate of Deskovic, 21 Ill App2d 209, 157 NE2d 769, was a case where in addition to making the joint deposit, the depositor made numerous declarations that he intended giving the money to the survivor. The court held that there was not only a presumption of a gift, but clear and convincing testimony of the intentions to make the gift.

In re Estate of Fitterer, 27 Ill App2d 264, 169 NE2d 578, involved a joint bank account with right of survivorship to his second wife. The court interpreting the case of In re Estate of Schneider, 6 Ill2d 180, 127 NE2d 445, held that the Schneider case rejected the contract theory, and was a reflection of the disfavor with which the Legislature and the courts in Illinois view the right of survivorship in personal property; that even before the Schneider case, the contract theory had been rejected in the case of Doubler v. Doubler, 412 Ill 597, 107 NE2d 789. In commenting on the Schneider case, the court there said that in view

339

of the language in the Schneider case it took it to mean that the deposit agreement is presumptive evidence which may be rebutted by oral evidence. That in the absence of contrary evidence, the intention manifested by the deposit agreement is sufficient to establish ownership in the survivor by virtue of the deposit agreement. The court held that there was no evidence that the accounts were established for the convenience of Fitterer; there was no evidence of any substantial withdrawals after the accounts were established and no convincing evidence to rebut the presumption of the deceased's intent to make gifts of the proceeds of the accounts.

In re Estate of Mueth, 33 Ill App2d 449, 179 NE2d 695, involved a savings account and certificate of deposit in joint tenancy. The joint accounts were in the name of Mueth and his sister Mathilda. That case citing the Fitterer and Deskovic cases, affirms the rule that a deposit agreement setting up a joint account with right of survivorship is presumptive evidence of donative intent, and is effective unless the donative intent is disproved by other evidence. In that case, the court found there was no evidence to overcome the prima facie case made out by the deposit, and held the survivor was entitled to the money.

In re Estate of Corirossi, 36 Ill App2d 249, 183 NE2d 305, citing the Schneider case, the court said that it seemed to it that the court had said that the existence of the deposit agreement creates a presumption of donative intent, and the burden of going forward with the evidence is then cast upon the one attacking the gift. But, upon the presentation of any evidence contradicting the presumption, it disappears, and the burden is then on the donee to establish the gift by clear and convincing evidence. In that case the court held that the burden of proving the gift had not been met and that the money belonged to the estate.

340

In re Estate of Cronholm, 38 Ill App2d 141, 186 NE
2d 534, follows the general rules laid down in In re
Estate of Schneider, 6 Ill2d 180, 127 NE2d 445 and
Frey v. Wubbena, 26 Ill2d 62, 185 NE2d 850, and held
that while the court in the Frey case had said that
when the account was established in accordance with
statutory requirements, evidence of donative intent
was not required, this did not mean that absence of
donative intent affirmatively shown by the person
challenging the claimed creation of the joint account
may not be considered to determine real and beneficial
interest or true ownership.

The latest expression of our courts is the case of
In re Liberio's Estate, 43 Ill App2d 261, 193 NE2d
482. This was a father and daughters joint account
with right of survivorship and the court held, in the
absence of proof to rebut the presumption of a gift
to the daughters, that ownership of the account was
in the daughters. And the court in that case said:

> "Under the Frey case the statutory provisions do
> more than protect the loan association. They do
> not by themselves, however, create an effective
> right of survivorship; rather, they provide the
> method by which the parties can create such a
> right, namely, by means of the written agreement,
> signed by them. Whether in fact the right of
> survivorship has been created depends upon proof
> of a donative intent; in other words, for the sur-
> vivor to prevail, not only must the statutory con-
> ditions have been met, it must appear that a gift
> was intended."

This holding seems to be in conformity with both
the Frey case and the Schneider case.

 It would appear that the rule of our courts
is settled that under our present statutes a method of
creating the right of survivorship to property held

under joint deposit or joint account no longer depends upon or is governed by common law principles, but rests upon the agreement itself, qualified by the principle that not only must the statutory conditions have been met by means of the agreement, but that it must appear that a gift was intended. And our courts have taken the position that in the absence of testimony to rebut the theory of a gift, that the agreement itself is presumptively strong enough to prove the donative intent.

■ It does not appear to be important as to who retains the pass book, unless such possession or change of possession is accompanied by some declaration to show donative intent. While the matter of convenience for the owner of the money may have some influence it is not conclusive and evidence to rebut a gift is not limited to convenience. Any circumstance, act or declaration that may tend to show the intent of the original owner is admissible and should be considered in determining whether there was a donative intent.

■ In this case, Murgic was a friend, but no kin and apparently not even a close friend. He contributed nothing to the joint account. He did not know that Yurkovich had deposited an additional $13,500 in the account. Yurkovich had stated he had complete confidence in Murgic and apparently this confidence was justified and Murgic made no claim to the money until after Yurkovich's death. Yurkovich had kin in Croatia and talked to his friends about them. He made numerous gifts to them over the years. While there is some testimony that he was displeased with his relatives, it would seem that this displeasure was more with the Croatian or Yugoslavian people under Tito than directly against his own kin. If he was displeased with his kin, he changed his mind three days before he died when he made his will and left his property to them.

342

The most damaging evidence against the gift presumption to Murgic is the fact that he borrowed $2000.00 from Yurkovich after the joint account deposit cards were signed and the original $12,500.00 had been deposited. If a gift was intended, why would Yurkovich make a loan to Murgic, take a note and according to the evidence, try and collect the note? At best, if a gift was intended, it was to be effective after the death of Yurkovich and not before. And before he died, Yurkovich changed his mind.

Taking the facts in this case and applying to those facts the law as enunciated in the Schneider and Frey cases by the Supreme Court and the Appellate Court cases heretofore cited, it is clear that Murgic has not satisfied the requirement of clear and convincing proof to show donative intent on the part of Yurkovich. The evidence showing the deposit, the execution of the instrument of joint account, the death of Yurkovich and the survival of Murgic constituted a prima facie case and if there had been no evidence rebutting the donative intent Murgic would have been entitled to the money in the account. But when there is evidence which tends to rebut the donative intent, the burden then falls upon the survivor to show by clear and convincing testimony that a gift was intended. This he has failed to do. It is the opinion of this court that Yurkovich at the time of making the joint bank account deposit on January 29, 1959, made no present gift to Murgic, but intended a gift to Murgic effective only at the time of his death and conditional upon his dying before Murgic. He probably was of the same frame of mind when he made the second deposit of $13,500, but after the first deposit, he loaned Murgic money which was treated as a separate transaction, and three days before he died he changed his mind and left his property to his kin in Croatia.

343

The plaintiff, Murgic, in his own testimony stated that, "he (Murgic) would get the money when Yurkovich died and that there was actually no agreement between them with respect to the funds, outside of he wanted to be sure I had the money when he died."

The attorney who prepared the will of Mike Yurkovich stated that Yurkovich had told him that he had on deposit certain funds in a banking institution in the City of Granite City and as he recalled, the amount of deposit was somewhere in the neighborhood of $24,000 to $28,000.

The money should be paid to the administrator bank as part of the estate. An order should issue directing the Granite City Trust & Savings Bank to pay the funds on deposit in the name of Mike Yurkovich and Peter A. Murgic to the Illinois State Trust Company, as administrator of the Estate of Mike Yurkovich, deceased. The judgment is reversed.

Reversed and remanded with instructions.

DOVE, P. J. and WRIGHT, J., concur.