*In re* ESTATE OF THOMAS WHITE, Deceased.—(PAUL EDWARD BISHOP, Exr., Petitioner-Appellant, *v.* HOWARD BISHOP, Respondent-Appellee.)

(No. 70-81; ▮▮▮▮▮▮▮

Fifth District—March 31, 1972.

Hohlt, House, DeMoss & Johnson, of Pickneyville, (Don E. Johnson, of counsel,) for appellant.

Peek & Gandy, of Du Quoin, (R. N. Gandy, of counsel,) for appellee.

Mr. PRESIDING JUSTICE GEORGE J. MORAN delivered the opinion of the court:

This action was brought by the Executor of the Estate of Thomas White, deceased, to recover as an asset of decedent's estate a bank certificate of deposit or its proceeds from respondent, Howard Bishop, nephew of the decedent. The lower court ruled against petitioner's motion for a directed verdict and found that a joint tenancy had been created and that the respondent was the owner of the certificate of deposit as surviving joint tenant therein. Petitioner appeals.

A certificate of deposit for $7,000 of the DuQuoin National Bank was dated July 3, 1965, and on its face bore the legends "Thomas White or Howard Bishop, as joint tenants' and "joint tenants with the right of survivorship." The accompanying signature card bore the signature of

Thomas White and of Howard Bishop, but Bishop admits that he had no knowledge of the $7,000 until after his uncle's death and that he did not sign the signature card nor did anyone sign for him. The DuQuoin National Bank paid the proceeds of the certificate to Howard Bishop and the executor of Thomas White's estate now seeks to recover said funds.

Need a signature card or other agreement be signed by all the parties in order to create a joint tenancy in a bank certificate of deposit?

The question is essentially one of statutory construction and deals with joint rights and obligations; Ill. Rev. Stat. 1967, ch. 76, par. 2, which provides in pertinent part:

"Except as to executors and trustees, and except also where by will or other instrument in writing expressing an intention to create a joint tenancy in personal property with the right of survivorship, the right or incident of survivorship as between joint tenants or owners of personal property is hereby abolished, and all such joint tenancies or ownership shall, to all intents and purposes, be deemed tenancies in common; provided, that the foregoing shall not be deemed to impair or affect the rights, privileges and immunities, as set forth in the following provisos, (a), (b), (c) and (d):

(a) When a deposit in any bank or trust company transacting business in the State has been made or shall hereafter be made in the names of two or more persons payable to them when the account is opened or thereafter, such deposit or any part thereof or any interest or dividend thereon may be paid to anyone of said persons whether the other or others be living or not, and when an agreement permitting such payment is signed by all said persons at the time the account is opened or thereafter the receipt or acquittance of the person so paid shall be valid and sufficient discharge from all parties to the bank for any payments so made."

The appellant-executor contends that subsection (a) is controlling and that all parties must sign an agreement in order for the certificate of deposit to create a joint tenancy. The appellee, on the other hand, contends that the certificate of deposit is an "instrument in writing expressing an intention to create a joint tenancy in personal property with the right of survivorship."

The appellee further contends that the signature requirement set out in subsection (a) is merely for the purpose of protecting the bank. In support of this he cites *Vaughan v. Millikin National Bank* (1931), 263 Ill.App. 301 which stated that the writing merely provides an additional safeguard for the bank, and *Johnson v. Mueller*, 346 Ill.App. 199, 104 N.E.2d 651, which held that signature cards were not necessary to establish a joint tenancy in certificates of deposit. The court in *Johnson*

reached this conclusion by finding that the subsection (a) requirement was limited to the matter of an acquittance of the bank. However, in finding this, the court relied on *Vaughan v. Millikin National Bank, supra,* and *Doubler v. Doubler* (1950), 343 Ill.App. 643, 100 N.E.2d 761. Yet, as well be pointed out, the holding in *Vaughan* is no longer correct and *Doubler* was reversed.

It is certain that the signature requirement of subsection (a) was intended for more than bank protection. The court in *Doubler v. Doubler* (1952), 412 Ill. 597, 107 N.E.2d 789 reversed the lower court decision which was relied on in *Johnson v. Muller,* and held that a signed agreement is necessary to create rights of survivorship in the savings deposit. This finding was reiterated in *Frey v. Wubbena* (1962), 26 Ill.2d 62, 185 N.E.2d 850, which found that a signed agreement was necessary to create rights of survivorship. The court stated:

"There has been no material change in the statute since *Doubler* and that decision will not now be disturbed." 185 N.E.2d at 854.

See also, *In re Vollmer's Estate* (1963), 45 Ill.App.2d 94, 195 N.E.2d 44 and *Lipe v. Farmers State Bank of Alto Pass* (1970), (Ill.App.), 265 N.E.2d 204 for similar holdings.

Thus it appears that *Johnson v. Mueller* is of questionable validity. It has been cited with approval in one case, *Armstrong v. Daniel* (1967), 88 Ill.App.2d 31, 232 N.E.2d 218. Yet in that case there was a signed writing so the approval of *Johnson* was *dicta* at best. Moreover, the cases that *Johnson* relied on, *Vaughan* and *Doubler,* have been either rejected or reversed. Hence, *Johnson* has been overruled by implication.

Nor is there much weight in appellee's argument that subsection (a) applies only to naked joint deposits. Rather, appellant's argument that certificates of deposits are a common form of representing funds of deposit; and, for the sake of uniformity in the law, they should be treated as other bank deposits, checking accounts and savings accounts, is more compelling.

■■ Thus, a certificate of deposit is a "deposit" as described in subsection (a) and a signed agreement by all parties is necessary in order to create rights of survivorship in the deposit.

■■ The trial court stated that the petitioner failed to prove lack of donative intent. It is true that a presumption of gift to the surviving joint tenant arises with the creation of a joint tenancy and it can be overcome only by clear and convincing evidence of a lack of donative intent. (*Murgic v. Granite City Trust & Savings Bank* (1964), 46 Ill.App.2d 334, 197 N.E.2d 112; *In re Estate of Mueth* (1962), 33 Ill.App.2d 449, 179 N.E.2d 695; *In re Estate of Stang* (1966), 71 Ill.App.2d 314, 218 N.E.2d 854.) Yet the presumption only arises when a joint tenancy is created;

and when, as here, the petitioner can show that no joint tenancy was created, he need not prove lack of donative intent.

■■ Because of failure to conform with statutory requirements, no joint tenancy was created and the judgment of the lower court is therefore reversed.

Judgment reversed.

JONES and CREBS, JJ., concur.