*In re* ESTATE OF AMOS P. BAXTER, Deceased—(THE SECOND NATIONAL BANK OF DANVILLE, Admr. with the Will Annexed of the Estate of Amos P. Baxter, Deceased, Petitioner-Appellee, *v.* FRANK BREWER *et al.*, Respondents-Appellants.)

(No. 11591; 

Fourth District—January 17, 1973.

TRAPP, P. J., dissenting.

Albert Saikley and William Garrison, both of Danville, for appellants.

Sebat, Swanson & Banks, of Danville, for appellee.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

The circuit court of Vermilion County, in a citation proceeding, held that a certain certificate of deposit issued by the Rankin State Bank was the property of the Estate of Amos Baxter, deceased, the depositor. Frank and Carrie Brewer, listed as joint tenants on the account, appeal. We affirm.

The subject certificate of deposit was issued in July of 1967 and recited that Baxter and the Brewers had deposited $13,500 in the bank. The certificate was payable after maturity to Baxter or Frank Brewer or Carrie Brewer, as joint tenants with right of survivorship. The trial court concluded that the certificate of deposit was a "deposit" and that in the absence of an agreement in writing, signed by the prospective joint tenants, no joint tenancy was created. The thorough memorandum of the trial court makes it clear that in the opinion of that court the transaction is controlled by paragraph 2(a) of ch. 76, Ill. Rev. Stat. 1967, as interpreted in *Doubler v. Doubler*, 412 Ill. 597, 107 N.E.2d 789, and *Frey v. Wubbena*, 26 Ill.2d 62, 185 N.E.2d 850. We agree with that determination.

Paragraph 2(b) of the cited statute relates to stocks, bonds, or other evidence of indebtedness issued or registered by any corporation, as-

sociation or other entity, in the name of two or more persons as joint tenants. An agreement signed by all joint tenants is not a condition precedent to the creation of a joint tenancy in such instruments. By the language of sub-section (a), relating to deposits in any bank or trust company, such a signed agreement is required.

■■ A certificate of deposit of a bank perhaps has some incidental relationship to the instruments referred to in sub-section (b), particularly "evidence of indebtedness". Essentially, however, it is a bank deposit and we agree with the determination of our colleagues in the Fifth District that certificates of deposit should be treated as any other bank deposit, checking account, savings account or any variable of the same. See *In re Estate of White*, 4 Ill.App.3d 505, 282 N.E.2d 235, Petition for Leave to Appeal allwd. Sept. 28, 1972, S.Ct. Gen. No. 45174.

Thus, we hold that a certificate of deposit is a "deposit" within the contemplation of sub-paragraph (a) of the cited statute and a signed agreement by all prospective joint tenants is necessary in order to create rights of survivorship in the deposit.

■■■ The respondents assert that the citation proceeding was limited to discovery, or at least that it failed to allege sufficient facts to apprise them of the nature of the proceeding. The petition for citation alleged that the Brewers had in their possession certain assets of the estate of the decedent, specifically listing the certificate of deposit. The petition sought discovery *and* such further order of the court as may be requisite. This case proceeded to trial before the court upon the issue of the right to the property—not merely discovery. (*Cf. In re Conservatorship of Baker*, 79 Ill.App.2d 234, 223 N.E.2d 744.) Indeed, counsel for the respondents in his opening statement indicated that the discovery aspect of the case was past and that now the court was to determine whether the property was that of the decedent or that of the respondents. In this context there could hardly be surprise or prejudice to the respondents when the issue was, in fact, expanded beyond discovery to the question of title to the property. The issue of title may be determined in a citation proceeding. Ill. Rev. Stat. 1967, ch. 3, par. 185; *In re Estate of Garrett*, 81 Ill.App.2d 141, 224 N.E.2d 654.

■■ Since no joint tenancy was created there is no presumption of donative intent. (*Murgic v. Granite City Trust & Savings Bank*, 31 Ill.2d 587, 202 N.E.2d 470.) This record cannot be said to establish by the requisite evidence that there was a completed gift. The judgment of the circuit court of Vermilion County was correct and that judgment is affirmed.

Judgment affirmed.

SIMKINS, J., concurs.

Mr. PRESIDING JUSTICE TRAPP dissenting:

I must dissent from the principal opinion for the reason that it does not take into account the particular characteristics of the instrument, but considers that it "should be treated as other bank deposits, checking accounts or savings accounts", upon the authority of *In re Estate of White*, 4 Ill.App.3d 505, 282 N.E.2d 235.

The instrument involved was in words and figures as follows:

"CERTIFICATE OF DEPOSIT

Rankin State Bank          No. 01717
                 70-2221
      Rankin, Illinois          7-3-67

—Amos Baxter or Frank Brewer or Carrie Brewer—has deposited in this bank as joint tenants with right of survivorship

Rankin State Bank      13,500 Dols  00 cts    Dollars  *$13,500.00*

Payable to the order of—*Amos Baxter or Frank Brewer or Carrie Brewer* in current funds as joint tenants with right of survivorship

on return of this certificate properly endorsed *Twelve* (12) months after date with interest at the rate of 4½ per cent from date of maturity.

This certificate cannot be paid before maturity

No interest paid after maturity

*MARGARET HENDRICKS*
Cashier

Not Subject to Check"

The trial court treated the certificate of deposit as an ordinary bank deposit and held that, in the absence of an agreement in writing by the prospective joint tenants, no joint tenancy with right of survivorship was created and accordingly the certificate was an asset of the estate.

The instrument in its particular form clearly falls within the language of Ill. Rev. Stat. 1967, ch. 76, par. 2(b):

"When shares of stock, bond or *other evidences of indebtedness* or of interest are or have been *issued* or registered by any corporation, *association* or *other entity* in the names of two or more persons as joint tenants with the right of survivorship, such corporation, association or other entity and their respective transfer agents may, upon the death of any one of such registered owners, transfer said shares of stock, bonds or other evidences of indebtedness or interest to or upon the order of the survivors of such registered owners, without inquiry into the existence, validity or

effect of any such will or other instrument in writing or the right of the survivor or survivors to receive the property, and without liability to any other person whomsoever who might claim an interest in or a right to receive all or a portion of the property so transferred; * * *." (Emphasis supplied.)

It likewise comes within the justification given in *Frey v. Wubbena*, 26 Ill.2d 62, 185 N.E.2d 854, which differentiates corporate stock from ordinary bank deposits. The court there said:

"The registration of stock ownership upon the books of the corporation in appropriate statutory language is sufficient to vest title, subject to divestment if the circumstances surrounding the transaction warrant it. This may seem at odds with our approval of the holding in the *Doubler* case that an agreement must be signed by the parties to effectuate survivorship rights in a bank account. Aside from the differences in the several statutory provisions, we think there is ample justification in the very nature of the property. Corporate stock is issued in fixed units of ownership (shares of stock) and remain fixed, whereas a bank account is a fluctuating *res*, subject to daily change in amount by any of the joint owners. Joint tenancy in such an unstable atmosphere as a shifting bank account should be created by contract of the parties detailing their rights and duties under existing statutory authority. Bank accounts are in this respect similar to saving and loan capital accounts, and a joint account in the latter is not recognized by the Illinois Savings and Loan Act unless there is an agreement in writing.

Promissory notes when drawn in appropriate language, are instruments in writing within the meaning of section 2 (Ill. Rev. Stat. 1961, ch. 76, par. 2) and constitute exceptions to the provision, abolishing joint tenancy in personal property."

The certificate of deposit in this case fits the definition of a negotiable instrument under Ill. Rev. Stat. 1967, ch. 26, par. 3—104(1) and 2(c).

The certificate of deposit in this case is a fixed sum. It is specifically not subject to withdrawal or payment prior to maturity. It bears interest only until maturity, and it requires presentation of the instrument properly endorsed for payment at a fixed date.

The instrument has all the differences from a regular withdrawable bank deposit that are noted in reference to corporate stock by the court in *Frye v. Wubbena*, 26 Ill.2d 62, 185 N.E.2d 854. It also has all the characteristics of a promissory note which is stated to be an exception to section 2(a) by the same court.

It should be further noted that in *Frey v. Wubbena, supra* at p. 75, the court awarded a certificate of deposit to a survivor because it was "in apt language". No mention was made of a separate agreement signed by the parties.

Upon such premise it seems proper to determine that the joint tenancy did not fail for want of a separate signed agreement.