(No. 45174.—

*In re* ESTATE OF THOMAS WHITE, Deceased.—(Paul Edward Bishop, Exr., Appellee, v. Howard Bishop, Appellant.)

*Opinion filed January 23, 1974.*

GOLDENHERSH, J., took no part.
KLUCZYNSKI, J., dissenting.

R. N. Gandy, of R. K. Peek and R. N. Gandy, of DuQuoin, for appellant.

Don Johnson, of Hohlt, House, DeMoss & Johnson, of Pinckneyville, and F. Mark Miller, of DuQuoin, for appellee.

MR. JUSTICE DAVIS delivered the opinion of the court:

Paul Edward Bishop, executor of the last will and testament of Thomas White, deceased, filed a petition in the circuit court of Perry County to recover, as an asset of the estate, a certificate of deposit, or its proceeds, from Howard Bishop, respondent and nephew of the deceased.

The certificate of deposit in question was dated July 3, 1965, and on its face bore the legend "Thomas White or Howard Bishop, as joint tenants." It was in the sum of $7000 with interest at the rate of 4 per cent per annum.

An accompanying signature card purported to bear the signatures of Thomas White and Howard Bishop, but Bishop admitted that he had no knowledge of the $7000 until after his uncle's death, and that he did not sign the signature card nor did anyone sign for him. After White's death, respondent obtained possession of the certificate and the DuQuoin National Bank redeemed it by paying the proceeds thereof to Howard Bishop. Paul Edward Bishop, as executor, filed a petition to recover said funds. The circuit court entered judgment on January 27, 1970, in favor of the respondent, which found:

> "1. That the Court has jurisdiction of the subject matter of this cause and the parties thereto.
>
> 2. That on July 3, 1965, a valid joint tenancy was created, evidenced by the written certificate of deposit bearing the names of Thomas White and Howard Bishop, joint tenants; and further finds that said certificate bore

upon the face thereof the stamped impression of the following language, 'as joint tenants with right of survivorship.'

3. That no other instrument in writing is necessary to create joint tenancy in this certificate of deposit. Said certificate being a sufficient writing in and of itself to meet the requirement of Sec. 2, Chap. 76 of Ill. Rev. Stats. as amended. And the Court further finds that said certificate is sufficient to create a prima facia presumption of donative intent on the part of said decedent.

4. That petitioner has failed to prove by clear and convincing evidence the lack of donative intent by the decedent Thomas White when the joint tenancy in this certificate of deposit was created on July 3, 1965.

It is therefore Ordered, Adjudged and Decreed:

A. That respondent, Howard Bishop, be and he is hereby declared the owner of the time certificate of deposit described herein and the proceeds thereof as surviving joint tenant therein.

B. That respondent be and he is hereby discharged from the citation in these proceedings.

C. There is no just reason to delay the enforcement of or appeal from this judgment."

The petitioner appealed from this order and the order of the trial court entered April 2, 1970, denying his motion for rehearing. The appellate court reversed (*In re Estate of White,* 4 Ill. App. 3d 505) and held that a valid joint tenancy was not created and we granted leave to appeal.

The issue in this case is whether a valid joint tenancy can be created in this certificate of deposit by the designation thereon by the issuing bank that it is in joint tenancy, where there is no other written agreement executed by one of the joint tenants.

In *In re Estate of Baxter,* 56 Ill.2d 223, a case involving this identical issue, we stated:

"In deciding the issue before us, consideration must be given not only to subsection (a), but also to the introductory paragraph of section 2 and to subsection (b). Section 2 of the Act in relation to Joint Rights and Obligations (Ill. Rev. Stat. 1967, ch. 76, par. 2(a)(b)) provides as follows:

'2. Except as to executors and trustees, *and except also where by will or other instrument in writing expressing an intention to create a joint tenancy in personal property* with the right of survivorship, the right or incident of survivorship as between joint tenants or owners of personal property is hereby abolished, and all such joint tenancies or ownerships shall, to all intents and purposes, be deemed tenancies in common; provided, that the foregoing shall not be deemed to impair or affect the rights, privileges and immunities, as set forth in the following provisos, (a), (b), (c) and (d):

(a) When a deposit in any bank or trust company transacting business in this State has been made or shall hereafter be made in the names of two or more persons payable to them when the account is opened or thereafter, such deposit or any part thereof or any interest or dividend thereon may be paid to any one of said persons whether the other or others be living or not, and when an agreement permitting such payment is signed by all said persons at the time the account is opened or thereafter the receipt or acquittance of the person so paid shall be valid and sufficient discharge from all parties to the bank for any payment so made;

(b) When shares of stock bonds *or other evidences of indebtedness or of interest* are or have been issued or registered by any corporation, association or other entity in the names of two or more persons as joint tenants with the right of survivorship, *such corporation, association or other entity and their respective transfer agents may, upon the death of any one of such registered owners, transfer said shares of stock, bonds, or other evidences of indebtedness or of interest to or upon the order of the survivor or survivors of such registered owners, without inquiry into the existence, validity or effect of any such will or other instrument in writing or the right of such survivor or survivors to receive the property, and without liability to any other person whomsoever who might claim an interest in or a right to receive all or a portion of the property so transferred.*' " (Emphasis ours.)

The introductory paragraph of section 2 of the Act in relation to Joint Rights and Obligations provides that except by will *or other instrument in writing* expressing an intention to create a joint tenancy in personal property with the right of survivorship, the right of survivorship as between joint tenants or owners of personal property is hereby abolished and all such joint tenancies shall be deemed tenancies in common; provided that the foregoing shall not be deemed to impair or affect the rights, privileges and immunities, as set forth in the provisos (a), (b) and (c).

In the case at bar, the certificate of deposit was an "other instrument in writing" which not only adequately expressed an intention to create a joint tenancy in personal property, but also did in fact create a joint tenancy with right of survivorship as between the joint tenants therein named. Thus, the certificate of deposit is not a deposit within the provisions of subsection (a) of section 2, but rather falls within the proviso (b) as "other evidences of indebtedness, or of interest" not requiring an agreement to be signed by all parties to create a joint tenancy, and also comes within the exception specified in the introductory paragraph of section 2.

In *Frey v. Wubbena* (1962), 26 Ill.2d 62, at pages 67 and 68, the court stated:

"A careful study of the first portion of proviso (a) of section 2 would seem to indicate that it is broad enough to authorize creation of joint tenancy in bank accounts by issuing a passbook in the names of the depositors as joint tenants without the execution of an agreement signed by the parties in accordance with the latter portion of the proviso. However, it was held in *Doubler v. Doubler,* 412 Ill. 597, that it is necessary that such an agreement be signed by the parties in order to create rights of survivorship in the deposit. There has been no material change in the

statute since *Doubler* and that decision will not now be disturbed."

And, at page 69, the court stated:

"The registration of stock ownership upon the books of the corporation in appropriate statutory language is sufficient to vest legal title, subject to divestment if the circumstances surrounding the transaction warrant it. This view may seem at odds with our approval of the holding in the *Doubler* case that an agreement must be signed by the parties to effectuate survivorship rights in a bank account. Aside from the differences in the several statutory provisions, we think there is ample justification in the very nature of the property. Corporate stock is issued in fixed units of ownership (shares of stock) and remain fixed, whereas a bank account is a fluctuating *res,* subject to daily change in amount by any of the joint owners. Joint tenancy in such an unstable atmosphere as a shifting bank account should be created by contract of the parties detailing their rights and duties under existing statutory authority.

\* \* \*

Promissory notes when drawn in appropriate language, are instruments in writing within the meaning of section 2, (Ill. Rev. Stat. 1961, chap. 76, par. 2,) and constitute exceptions to the provision, abolishing joint tenancy in personal property."

The certificate of deposit in question was issued in a fixed amount, $7,000, and it was not subject to daily change by either of the joint owners. Thus, this certificate was unlike the fluctuating *res* in an ordinary bank account, and any unstable atmosphere which, from a policy viewpoint, might call for the joint owners to contract, detailing their rights and obligations under the statute with

reference to an ordinary bank account, did not exist with reference to this certificate, which has all the essential elements of a promissory note. It contains an unconditional promise to pay a certain sum of money absolutely. It should be governed by the same rules as a promissory note with reference to the creation of joint tenancy rights therein. Such certificate is within the definition of a negotiable instrument set forth in the Uniform Commercial Code (Ill. Rev. Stat. 1967, ch. 26, pars. 3—104(1)(a)(b)(c)(d) and 2(a)(b)(c)(d)), which provides:

"(1) Any writing to be a negotiable instrument within this Article must

(a) be signed by the maker or drawer; and

(b) contain an unconditional promise or order to pay a sum certain in money and no other promise, order, obligation or power given by the maker or drawer except as authorized by this Article; and

(c) be payable on demand or at a definite time; and

(d) be payable to order or to bearer.

(2) A writing which complies with the requirements of this section is

(a) a 'draft' ('bill of exchange') if it is an order;

(b) a 'check' if it is a draft drawn on a bank and payable on demand;

(c) a 'certificate of deposit' if it is an acknowledgement by a bank of receipt of money with an engagement to repay it;

(d) a 'note' if it is a promise other than a certificate of deposit."

Section 4—104 of the Uniform Commercial Code is entitled "Definitions and Index of Definitions," and section 4—104(3) provides:

"(3) The following definitions in other Articles apply to this Article:

* * *

'Certificate of Deposit' Section 3—104."

Section 3—104 is quoted above.

For these reasons, the judgment of the trial court is affirmed and that of the appellate court is reversed.

*Appellate court reversed; circuit court affirmed.*

MR. JUSTICE GOLDENHERSH took no part in the consideration or decision of this case.

MR. JUSTICE KLUCZYNSKI, dissenting:

The issues presented and the majority holding are identical to those in the recent decision in *In re Estate of Baxter,* 56 Ill.2d 223. My dissent in that case is applicable herein.