Stuart Lytle and Ruth Lytle Burr, Plaintiffs-Appellants, v. The Northern Trust Company, Executor of the Estate of Katherine Lytle McGlave, Deceased, and Edward J. McGlave, Defendants-Appellees.

Gen. No. 48,597.

First District, Third Division.

February 20, 1963.

Burton H. Young, Lawrence P. Hickey, and Young & Young, of Chicago, for appellants.

James F. Hynan, of Chicago (James F. Hynan and John E. Toomey, of counsel), for appellee.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

Plaintiffs appeal from a decree holding that certain shares of stock in various corporations were held by Katherine H. Lytle McGlave (hereinafter called the decedent) and her husband, defendant Edward J. McGlave, as joint tenants with the right of survivorship, and that upon the death of decedent the said shares of stock became the full and complete property of Edward J. McGlave as survivor.

The question presented to us is whether under the law relating to joint rights and obligations, Ill Rev Stats, c 76, § 2 (1961), it is essential to the creation of a joint tenancy in shares of stock that there be an instrument in writing expressing such intention, even though the purchaser of the shares orally ordered them registered in the name of herself and another as joint tenants with the right of survivorship and accepted and held the certificates so designated until her death.

The decedent was the widow of Robert J. Lytle who died testate on June 12, 1948. He left as his surviving heirs-at-law the decedent and the plaintiffs herein, their two children. In 1952 decedent married McGlave, and in 1957, out of the proceeds from the sale of a building left her by her first husband, the decedent purchased the securities in question. She did so through a bank in which she had deposited such proceeds. The banker executed a memorandum of the purchase and in the conversation with respect thereto, the decedent told him that she desired her husband, McGlave, to sign the memorandum so that it would be known that he as well as she owned the stock. The order to purchase was then executed by the bank. It provided that the stocks were to be "issued in joint tenancy in the names of Edward J. McGlave

and Katherine McGlave, as joint tenants, etc." and enclosed with the order was a cashier's check for $55,699.66. The stocks were duly registered in the names of "Katherine H. Lytle McGlave and Edward J. McGlave, her husband, as joint tenants with the right of survivorship." Certificates were accordingly issued and were held by decedent until her death in 1959.

Plaintiffs admit that the transaction was adequate to convey to defendant a one-half interest in the stocks as a gift from the decedent, but as to his right by survivorship to the remaining one-half, they assert that an instrument in writing, as hereinbefore stated, is essential and that on the decedent's death her half should have gone to her estate, to be divided on the basis of one-third to Edward J. McGlave and the remaining two-thirds to plaintiffs.

The issue turns on the construction of ch 76, § 2 of the Illinois Revised Statutes (1961), the initial paragraph of which is as follows:

> "2. Survivorship rights abolished—Exceptions —Bank accounts and deposits—Stocks, bonds, etc. —U. S. Government obligations.] § 2. Except as to executors and trustees, and except also where by will or other instrument in writing expressing an intention to create a joint tenancy in personal property with the right of survivorship, the right or incident of survivorship as between joint tenants or owners of personal property is hereby abolished, and all such joint tenancies or ownerships shall, to all intents and purposes, be deemed tenancies in common; provided, that the foregoing shall not be deemed to impair or affect the rights, privileges and immunities, as set forth in the following provisos, (a), (b), (c) and (d):"

Proviso (b) relates directly to the issue before us. It provides that where shares of stock, bonds, or other evidences of indebtedness are issued or registered in the names of two or more persons as joint tenants with the right of survivorship, the corporations . . . or their respective transfer agents may, upon the death of any one of said registered owners, transfer such shares of stock to or upon the order of the survivor or survivors without inquiring into the existence, validity or effect of any will or other instrument in writing or the right of such survivor to receive the property, and without liability to any person who may claim an interest therein.

██ Since the oral argument in the instant case the Supreme Court of Illinois has decided the case of Frey v. Wubbena, 26 Ill2d 62, 185 NE2d 850. That decision is conclusive with respect to the issues here involved. The court points out the difficulty of "fitting the foot of modern day use and understanding of gifts of intangible personal property through survivorship arrangements into the rigid shoe of common-law principles." (P 65.) It holds that the right to create a joint tenancy in corporate stock is recognized by Section 2 of the statute hereinbefore referred to; that paragraph (b) of Section 2 authorizes transfer to, or upon the order of, a surviving joint tenant without inquiry or liability; that a "statutory right of survivorship exists . . . whether an agreement has been signed by the parties or not . . . "; and that the registration of stock ownership upon the books of a corporation in appropriate statutory language is sufficient to vest legal title, "subject to divestment if the circumstances surrounding the transaction warrant it." (P 69.) We cannot see how there is any escape from the fact that the legal title as joint tenant

with the right of survivorship passed to defendant McGlave.

 We construe the qualifying language "subject to divestment if the circumstances surrounding the transaction warrant it" as relating to the preservation of those forms of equitable relief afforded in cases involving a confidential relationship, fraud, undue influence, the investiture of nominal title for the purpose of convenience, and situations of like character. No claim is made that McGlave committed fraud, abused a confidential relationship, or exercised undue influence or that his name was used as a matter of convenience. The only intimation of any such basis for plaintiffs' case is their emphasis on the fact that he was twenty years younger than the decedent and that all the funds used for the purchase of the stocks were bequeathed to her by her first husband. These facts do not in themselves present a case within the qualifying language of the opinion in the Frey case.

██ The opinion in that case came down sometime after the oral argument in the instant case, and after the petition for rehearing was denied we granted leave to the parties here to file additional briefs on the effect of that decision. Plaintiffs have zealously endeavored to distinguish the case, as they should, and have gone to the extent of examining the record in Frey v. Wubbena in the Appellate court (32 Ill App2d 374, 177 NE2d 724) to demonstrate that there is a distinction. No two cases are ever exactly alike. The Supreme Court of Illinois has wrestled with this difficult problem for some years, and in Frey v. Wubbena, after analyzing the precedents has finally settled the issue here involved. It is not for us to strain for a distinction, but to give to the decision and the opinion what we consider to be its true tenor and import. The direction to have the stock issued in the names of the decedent and McGlave as joint tenants with

377

right of survivorship and the receipt and holding of certificates so designated were sufficient to give that right of survivorship to McGlave, and accordingly the decree will be affirmed.

A motion to dismiss the appeal was filed by defendants, but upon oral argument they requested permission to withdraw that motion, which has been granted by the court.

Decree affirmed.

DEMPSEY, P. J. and McCORMICK, J., concur.